UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80593-CIV-MARRA/JOHNSON

RALSTON S. BROWN, JR.,

      Plaintiff,

vs.

STEPHEN R. KOPOLOW, P.C.,
and CACH, LLC,

      Defendants.

_____/

**ORDER AND OPINION**

THIS CAUSE is before the Court upon Defendants, Cach, LLC and Stephen R. Kopolow, P.C. ("Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction.  The Court has carefully considered the motion, response, and reply and is otherwise fully advised in the premises.

This matter arises out of allegations that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.* ("FCCPA"), when attempting to collect an unpaid bill from Plaintiff.  Plaintiff filed a five-count complaint.  Counts I through III allege that Defendants violated the federal statute, FDCPA, and Counts IV and V allege that Defendants violated the state statute, FCCPA. The factual support for each claim is the same, *i.e.*, calling or leaving debt collection messages in violation of the law.  Compl. ¶ 20.

On June 4, 2010, Plaintiff served his Rule 26 Initial Disclosures.  *See* DE 13, Ex.

A.  Federal Rule of Civil Procedure Rule 26(a)(1)(A)(iii) requires a Plaintiff to identify

each category of damages he claims to have sustained and a computation of each

such category.  In his computation of damages, Plaintiff claims only statutory

damages and did not list any actual damages.

Damages under the FDCPA for a successful plaintiff are limited to actual

damages, a maximum of $1,000.00 in statutory damages, and costs and reasonable

attorney's fees.  15 U.S.C. § 1692k(a).  Because Plaintiff represented he was not

seeking any actual damage, his claims are limited to statutory damages, costs, and

reasonable attorney's fees.  Recovery of statutory damages under the FCCPA is also

limited to $1,000 per defendant per adverse adjudication.  Fla. Stat. § 559.77(2).

"Adjudication" refers to a final determination or judgment.  *Beeders v. Gulf Coast*

*Collection Bureau*, 632 F. Supp. 2d 1125, 1130 (M.D. Fla. 2009).

Defendants sent a settlement offer to Plaintiff that reads in pertinent part as

follows:

> Please be advised that the Defendants hereby offer to settle the above-referenced cause in its entirety by payment of the sum of two thousand and one and no/100 dollars ($2,001.00) plus court costs and reasonable attorney's fees to date.  If we are unable to reach an agreement as to the amount of your attorney's fees, the Defendants offer to submit the issues of attorney's fees for the Court to decide.

DE 13, Ex. B.  The offer remained open for a set period of time and Plaintiff did not

accept the offer.

Each of the five counts of Plaintiff's Complaint contains its own individual prayer for relief.  As for the federal claims (Counts I-III), Plaintiff seeks judgment in his favor for damages, attorney's fees, litigation expenses and costs of suit.  For the state claims (Counts IV and V), Plaintiff seeks in addition to damages, attorney's fees, litigation expenses and costs of suit, the Court's declaration that Defendants' practices violate the FCCPA, and a permanent injunction enjoining Defendants from engaging in the complained of practices.

As Plaintiff is aware, the FDCPA does not authorize injunctive relief to private litigants.  *Sibley v. Fulton DeKalb Collection Service,* 677 F.2d 830, 834 (11th Cir. 1982).  As a result, Plaintiff did not seek injunctive relief for his federal claims. However, as Plaintiff is also aware, the FCCPA provides that a "court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part."  Fla. Stat. § 559.77(2); *see also Berg v. Merchants Ass'n Collection Div., Inc.,* 586 F. Supp. 2d 1336, 1346 (S.D. Fla. 2008).

Defendants argue that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because Plaintiff has been offered the maximum recoverable damages under the FDCPA and FCCPA, and thus he no longer has an ongoing controversy with the Defendants on those claims.  Defendants assert that there is nothing further for Plaintiff to gain by litigating these claims, and as a result the Court must dismiss Plaintiff's Complaint for lack of subject matter jurisdiction because there no longer is

a case or controversy.

Plaintiff opposes dismissal asserting that injunctive or declaratory relief is not addressed in the offer to settle, the offer does not leave the amount of attorney's fees within the sound discretion of the court, but rather cuts off all attorney fees as of the date of the offer, and the case law regarding Rule 68 Offers of Judgment is inapplicable to informal settlement negotiations.  Since the two statutes provide for varying relief, they must be analyzed separately.

**Federal Statute**

As stated above, damages under the FDCPA for a successful plaintiff are limited to actual damages, a maximum of $1,000.00 in statutory damages, and costs and reasonable attorney's fees.  15 U.S.C. § 1692k(a).  Because Plaintiff seeks no actual damages, if he was successful, his recovery is limited to $1,000 in statutory damages, costs, and reasonable attorney's fees.  Plaintiff does not dispute this.

By offering Plaintiff all that he could possibly recover on his federal claims, Defendant eliminated a case or controversy on those claims.  An offer that satisfies Plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction.  *See Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003) (citing cases for the proposition that an offer of judgment of full relief, even if rejected, renders the action moot); *Environmental Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (noting that a case becomes

moot when there are no longer adverse parties with sufficient legal interests to maintain the litigation or when the parties lack a legally cognizable interest in the outcome of the litigation).  This offer in effect eliminates a legal dispute upon which federal jurisdiction can be based.  *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) ("You cannot persist in suing after you've won").

Plaintiff's argument that the offer does not give Plaintiff complete relief to which he is entitled is incorrect.  The federal statute does not provide for any more relief than what was offered.  Likewise, Plaintiff's argument that if he accepted Defendants' offer he would be contractually bound by fees limited to the date of the offer is wrong.  The very next line in Defendants' offer states, "[i]f we are unable to reach an agreement as to the amount of your attorney's fees, the Defendants offer to submit the issues of attorney's fees for the Court to decide."  This offer to submit the matter to the Court if necessary is clearly sufficient under the FDCPA.  Plaintiff's last argument, that case law regarding Rule 68 Offers of Judgment is not applicable to an informal settlement is misplaced.  The doctrine of mootness has its source in Article III of the United States Constitution, which provides that federal judicial power extends only to "cases" or "controversies."  This requirement limits federal courts to deciding "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process."  *Flast v. Cohen*, 392 U.S. 83, 95 (1968).

**State Statute**

Also as stated above, the FCCPA specifically authorizes a court to "provide such equitable relief as it deems necessary or proper."  Included within the gamut of possible equitable remedies is the power to enjoin a defendant from further violations of the statute, Fla. Stat. § 559.77(2); *Berg v. Merchts. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1346 (S.D. Fla. 2008), and declaring the rights and other legal relations of any interested party seeking such a declaration.  28 U.S.C. § 2201 (2006); *Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1364 (S.D. Fla. 2009).  Therefore, Defendants' offer did not offer Plaintiff all that he could possibly recover because it was silent as to the declaratory and injunctive relief he sought.  Therefore, a controversy still exists as to Counts IV and V pursuant to the FCCPA .

Because Plaintiff no longer has a live federal claim against Defendants, the remaining potential state law claims will be dismissed because the Court declines to exercise its supplemental jurisdiction over these claims.  This Court derives its authority to decide Plaintiff's federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim

under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction ...." Id. § 1367(c)(3).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists. *Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000); *see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the ... defendants, the district court correctly dismissed its remaining state law claims against these defendants"); *Rice v. Branigar Org., Inc.*, 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claims serving as the basis for original federal court jurisdiction are moot, the Court also concludes that any potential state law claims should be dismissed without prejudice so that the Plaintiff may, if he chooses, pursue them in state court.  Therefore, in accordance with the conclusions reached above, it is hereby

**ORDERED AND ADJUDGED** that Defendants, Cach, LLC and Stephen R. Kopolow, P.C. ("Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 13] is GRANTED in part and DENIED in part.  Judgment will be entered in favor of the Plaintiff for the statutory maximum of $1,000 under the FDCPA .  Counts I, II, and III are dismissed.  If the parties are unable to reach an agreement as

to the amount of Plaintiff's fees or costs, the Court reserves jurisdiction to determine

that amount.  Any claims based on state law are dismissed without prejudice.  In

accordance with Fed.R.Civ.P. 58, final judgment will be entered  by separate order.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County,

Florida, this 25th day of January, 2011.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record
Magistrate Judge Johnson